# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Docket No.: 04-CR-00364 |
| v. : | |
| : | |
| DENIS SHUSTERMAN : | |
| : | |
| Defendant : | |
| : | |

**ORDER**

AND NOW this _____ day of _____, 2006, upon consideration of Defendant's Motion to Withdraw his Guilty Plea, it is hereby ORDERED and DECREED that an evidentiary hearing shall be held following Defendant's receipt of transcripts from his criminal trial and plea on the _____ day of _____, 2006.

It is further ORDERED that Defendant shall be permitted to supplement his Motion to Withdraw his Guilty Plea following said evidentiary hearing.

BY THE COURT

_____
The Honorable Legrome D. Davis, J.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | Docket No.: 04-CR-00364 |
| v. | : | |
| | : | |
| DENIS SHUSTERMAN | : | |
| | : | |
| Defendant | : | |
| | : | |

## MOTION TO WITHDRAW GUILTY PLEA

Defendant, Denis Shusterman, hereby files the instant Motion to Withdraw his Guilty Plea, by and through his undersigned counsel, for the following reasons.

1.  Mr. Shusterman was charged with multiple violations of federal law and had a trial that extended for nearly two (2) weeks.

2.  Mr. Shusterman is currently scheduled to be sentenced on August 10, 2006 by this Court.

3.  In his attached Memorandum of Law, incorporated herein by reference, Mr. Shusterman sets forth at length how his counsel ineffectively represented him and how Mr. Shusterman was induced into taking a plea under false pretenses.

**WHEREFORE**, Mr. Shusterman respectfully requests the relief sought in the attached proposed Order.

**KARPF, KARPF & VIRANT**

/s/ Ari Karpf
Ari R. Karpf
3070 Bristol Pike
Building 1, Suite 102
Bensalem, PA 19020

Dated: July 5, 2006

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Docket No.: 04-CR-00364 |
| v. : | |
| : | |
| DENIS SHUSTERMAN : | |
| : | |
| Defendant : | |
| : | |

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO WITHDRAW GUILTY PLEA

Defendant, Denis Shusterman, hereby files the instant Motion to Withdraw his Guilty Plea, by and through his undersigned counsel, for the following reasons.

**I. Procedural Posture of Case**

On December 9, 2004, Mr. Shusterman was charged with multiple violations of federal law, including but not limited to, bankruptcy fraud, tax evasion, wire fraud, and perjury (by grand jury indictment). Mr. Shusterman's criminal trial extended from April 17, 2006 through May 3, 2006.

Instead of continuing the trial, Mr. Shusterman unexpectedly pled guilty to Counts 1-51 on May 3, 2006 after his expert witness testified. Mr. Shusterman is scheduled for a sentencing hearing on August 10, 2006.

**II. Basis of Requested Relief**

Mr. Shusterman brings this Motion before this Honorable Court seeking to have his guilty plea vacated and to be given a new trial. Mr. Shusterman further requests that this Court hold an evidentiary hearing, as discussed at length *infra*, to correct the severe and pervasive

constitutional deprivations that he suffered at the hands of his court-appointed counsel.

### III. Standard of Review

A district court may permit a defendant to withdraw a guilty plea *before* sentencing if "the defendant can show a ***fair and just reason*** for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). (emphasis added). A district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal. *Brown,* 250 F.3d at 815; *United States v. Huff,* 873 F.2d 709, 711 (3d Cir.1989).

The burden of demonstrating a "fair and just" reason falls on the defendant, and that burden is substantial. *United States v. Hyde,* 520 U.S. 670, 676-77, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997); *United States v. Isaac,* 141 F.3d 477, 485 (3d Cir.1998). A defendant may not withdraw a guilty plea on a whim, or for fear of punishment. *See United States v. Hyde,* 520 U.S. 670, 676-77, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997).

Mr. Shusterman understands the obstacles imposed in seeking the foregoing relief. However, Mr. Shusterman believes that the constitutional violations in his case are so grave and severe that they warrant such extenuating relief.

### IV. Argument

On June 21, 2006, Mr. Shusterman's prior counsel, Eliott Cohen, Esq., was discharged. Mr. Shusterman's undersigned counsel entered his appearance on the same date. Throughout the week of June 26, 2006, Mr. Shusterman's counsel made all necessary efforts to obtain transcripts from Mr. Shusterman's criminal proceedings before this Court and prepared the instant Motion.

4

Mr. Shusterman is not seeking to withdraw his guilty plea at the last minute, but rather, as quickly and diligently as possible after locating alternative defense counsel. Moreover, Mr. Shusterman strongly believes that the factors underlying the instant request to withdraw his guilty plea militate in his favor.

### A. Mr. Shusterman Has And Continues To Assert His Actual Innocence.

Mr. Shusterman must not only assert his innocence but also provide a sufficient explanation for why he took the contrary position during the Rule 11 colloquy. See *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir.1995). Mr. Shusterman has asserted his innocence at every stage of his criminal prosecution.

Mr. Shusterman's criminal trial extended for nearly two (2) weeks. Mr. Shusterman vehemently asserted his innocence and "played an active role in his own defense, often openly challenging his lawyer and loudly suggesting questions for him to ask witnesses."[1] *See* May 4, 2006 Article, Philadelphia Inquirer, attached hereto as "Exhibit 1."

Mr. Shusterman also asserted his innocence during his guilty plea. This Court asked Mr. Shusterman why he was entering a guilty plea. Mr. Shusterman responded, "[b]ased on the facts of this case, I feel we're not going to be able to support my innocence." *Id.* Mr. Shusterman's *prior* counsel then interjected, "[a]re you pleading guilty because you are in fact guilty?" *Id.* Mr. Shusterman ultimately acknowledged in a low voice that he is accepting a plea of guilty. *Id.*

Mr. Shusterman continues to assert his innocence and states as follows as to why he took a contrary position during his Rule 11 colloquy.

---

1 Mr. Shusterman's present counsel will not receive transcripts of all criminal proceedings for roughly one (1) month. He therefore relies exclusively on Mr. Shusterman's recollection of the proceedings, documents that were and/or should have been used during the trial, and internet/newspaper accounts of the criminal proceedings.

5

### B. Mr. Shusterman Has Compelling Justification(s) For His Instant Request To Withdraw His Guilty Plea And For Originally Entering Such A Plea.

In summary, Mr. Shusterman's bases for filing the instant Motion are: (1) Constitutionally inadequate/defective representation; and (2) that he entered a plea that was not properly voluntary and knowing.

### *i.* Mr. Shusterman's counsel failed to reasonably represent him.

Mr. Shusterman never had a fighting chance of proving his innocence at trial. "The right to the effective assistance of counsel is . . . the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." *Vance v. Lehman,* 64 F.3d 119m 122 (3rd Cir. 1995).

Some examples of the ineffective assistance of counsel that Mr. Shusterman received, that either constitute constitutional deprivations independently or in their aggregate, include:

> (1) His counsel identifying the instant case as complex to this Court but waiting approximately one (1) year before seeking permission to have an expert witness appointed for trial (to testify about the same very complex matters), leaving insufficient time for adequate preparation of said witness.2
>
> (2) His counsel spending very little time consulting with the expert witness who was appointed by this Court and giving said expert the wrong documents/materials to prepare from (for Mr. Shusterman's trial).
>
> (3) His counsel failing to make affirmative (substantive) filings on Mr. Shusterman's behalf including proposed *voir dire*, pretrial memoranda, motions *in limine*, jury instructions, and other filings.
>
> (4) His counsel failing to subpoena and/or obtain necessary exculpatory documents and witnesses, both of which were identified as essential by Mr. Shusterman upon counsel's appointment.

---

2 The compensation for Mr. Shusterman's expert was determined only three (3) weeks prior to Mr. Shusterman's trial, which, as Mr. Shusterman understands it, caused his expert to delay working on his case until said determination was made.

(5) His counsel's refusal to meet with him and discuss any type of meaningful trial strategy or preparation for trial.

(6) His counsel's failure to review filings by the government, tax and bankruptcy information provided by Mr. Shusterman, and other pertinent documents.

(7) His counsel's failure to prepare for trial, review prior testimony from grand jury proceedings, and his counsel's failure to interview witnesses (both favorable and unfavorable to Mr. Shusterman).

(8) His counsel failing to move to preclude extremely prejudicial and inflammatory information from the jury, including but not limited to, information about Mr. Shusterman's mother and her convictions and information related to Mr. Shusterman's lifestyle and/or extramarital affairs.

(9) His counsel's grossly improper advice that if Mr. Shusterman pled guilty he would not spend much time in jail and/or maybe a couple of years at the most – when in fact Mr. Shusterman faces up to eleven (11) years under sentencing guidelines.3

(10) His counsel telling Mr. Shusterman that if he pled guilty, he would still maintain all of his appellate remedies to pursue a claim for ineffective assistance of counsel, which is untrue.

In summary, Mr. Shusterman spent over a hundred hours preparing and organizing his case for trial. However, his prior counsel never made any effort to understand the organization, documents, or the law governing Mr. Shusterman's alleged criminal actions, rendering Mr. Shusterman's actions/preparation meaningless. Mr. Shusterman would not have pled guilty if not for his prior counsel's ineffective representation combined with the misinformation related to his potential sentence and appellate rights.

A lawyer's failure to adequately consult with his client and/or an inadequate investigation and by a lawyer can be the basis for an ineffective assistance of counsel claim. *See e.g. White v.*

---

3 Not only did Mr. Shusterman's counsel fail to prepare him for trial, he refused to meet with Mr. Shusterman after the trial to explain his obligations and timeframe to submit financial statements – causing Mr. Shusterman to be ineligible for a 2-point reduction in his sentencing guidelines.

*Godinez,* 143 F.3d 1049, 1054-55 (7th Cir. 1998)(case remanded for trial court to determine if short preparation with criminal defendant was reasonable); *Lewis v. Johnson,* 359 F.3d 646 (3d Cir.2004)(Applying *Roe v. Flores-Ortega*, the Court found ineffectiveness of counsel when counsel failed to meet with client and performed only bare bones effort(s)); *Rompilla v. Beard,* 125 S. Ct. 2456 (2005)(finding that a defendant's lawyer who failed to sufficiently review documents in preparation for the death penalty phase of a trial constituted (prejudicially) ineffective assistance of counsel).

### ii. Mr. Shusterman's plea was not sufficiently voluntary and knowing.

"A plea is not voluntary or intelligent," and therefore unconstitutional, "if the advice given by defense counsel on which the defendant relied in entering the plea falls below the level of reasonable competence such that the defendant does not receive effective assistance of counsel." *United States v. Loughery,* 908 F.2d 1014, 1018 (D.C.Cir.1990).

To withdraw a plea on this basis, a defendant must ordinarily satisfy the two-pronged standard of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for violations of the Sixth Amendment guarantee. *See Hill v. Lockhart,* 474 U.S. 52, 57-60, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *United States v. Holland,* 117 F.3d 589, 594 (D.C.Cir.1997); *United States v. Horne,* 987 F.2d 833, 835 (D.C.Cir.1993).

A defendant must therefore show first, that his counsel's performance "fell below an objective standard of reasonableness" by identifying specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland,* 466 U.S. at 687-88. Second, a defendant must demonstrate that the deficiencies in his representation were

prejudicial to his defense. *Id.* at 692. He "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going [through with] trial." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370-71.

The Third Circuit has explained that "[a]t a minimum, a motion to withdraw [a guilty plea] should be granted if the plea was not made voluntarily and intelligently." *United States v. Nahodil,* 36 F.3d 323, 330 (3d Cir.1994). Mr. Shusterman was misinformed by his counsel that if he pleaded guilty, he would face a few years in jail. To Mr. Shusterman's detriment, he actually faces a guideline range of roughly ten (10) years in jail.

When a criminal defendant pleads guilty to a crime because he or she is induced into such a plea based on an inaccurate representation by the court or their counsel, withdrawal of that plea may be warranted. *See e.g. Moore v. Bryant,* 348 F.3d 238 (7th Cir. 2003)(counsel found to be deficient for inducing defendant to take a plea based on counsel's misunderstanding of the actual (potential) punishment); *U.S. v. Harrington,* 354 F.3d 178 (2nd Cir. 2004)(Defendant's induced confusion regarding his actual sentence warranted vacating the plea); *U.S. v. Santo,* 225 F.3d 92, 98 (1st Cir. 2000)(Defendant's reliance on misinformation that he would have a much shorter sentence imposed (than received) warranted withdrawal of guilty plea).

Mr. Shusterman would not have pled guilty had he been informed that he was in fact facing a 10-year jail sentence. Prior to advising Mr. Shusterman that he might <u>do a couple of years if he pled guilty</u>, his counsel should have, at a bare minimum, reviewed the sentencing guidelines. Mr. Shusterman's counsel was also very aware that Mr. Shusterman was not happy with his representation and misinformed Mr. Shusterman that a guilty plea would not prejudice his rights to seek appellate review for ineffective assistance of counsel – which is not true.

9

### C. Mr. Shusterman Requests That An Evidentiary Hearing Be Held Regarding The Foregoing Claims.

For decades, courts have held with monotonous regularity that "fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court." *See e.g. United States v. Mala,* 7 F.3d 1058, 1063 (1st Cir.1993). The evaluation of such claims "typically require[s] the resolution of factual issues that cannot efficaciously be addressed in the first instance by an appellate tribunal." *Id.* Moreover, "the insights of the trier, who has seen and heard the witnesses at first hand and watched the dynamics of the trial unfold, are often of great assistance." *United States v. Moran,* 393 F.3d 1, 10 (1st Cir.2004).

An evidentiary hearing is typically required to properly develop the instant matters complained of by Mr. Shusterman. *See e.g. U.S. v. Garcio-Rico,* 164 F.3d 572 (9th Cir. 2006)(case remanded to district court for a determination on whether defendant was misinformed about his potential prison sentence); *See also U.S. v. Garba* 128 F.3d App. 855 (3rd Cir. 2005)(noting that its determinations for ineffective assistance of counsel are premised solely on the record developed by the trial court; *U.S. v. Fowers,* 131 F.3d 5 (3rd Cir. 2005)(same); *Villot v. Varner,* F.3d 327 (3rd Cir. 2004); *Vance v. Lehman,* 64 F.3d 119 (3rd Cir. 1995); *In Re Warner,* 421 F.3d 275 (3rd Cir. 2005).

"[T]here is no absolute right to withdraw a guilty plea," but rather "acceptance of the motion is within the discretion of the trial court." *Gov't of V.I. v. Berry,* 631 F.2d 214, 219 (3d Cir.1980). Mr. Shusterman believes that following an evidentiary hearing, he will be able

demonstrate that withdrawal of guilty plea is warranted in the instant case.4

## V. Conclusion

Based on the foregoing, Mr. Shusterman respectfully requests that this Honorable Court hold an evidentiary hearing, permit him to supplement the instant Motion following the evidentiary hearing, and ultimately permit him to withdraw his guilty plea.

                                  **KARPF, KARPF & VIRANT**

                                  /s/ Ari Karpf
                                  Ari R. Karpf
                                  3070 Bristol Pike
                                  Building 1, Suite 102
                                  Bensalem, PA 19020
                                  (215) 639-0801 phone
                                  (215) 639-4970 fax

Dated: July 5, 2006

---

4 Mr. Shusterman reserves addressing any prejudice to the government for his supplemental brief. He recognizes that significant judicial resources were expended in the trial that has already taken place. However, each and every witness/document still remains available should this Court determine that, based upon an evidentiary hearing, that withdrawal of Mr. Shusterman's guilty plea is warranted.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Docket No.: 04-CR-00364 |
| v. : | |
| : | |
| DENIS SHUSTERMAN : | |
| : | |
| Defendant : | |
| : | |

## **CERTIFICATION OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion to Withdraw Guilty Plea was served, via electronic filing, upon the following individual:

Robert A. Zaumer, Esq.
United States Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

**KARPF, KARPF & VIRANT**

/s/ Ari Karpf
Ari R. Karpf
3070 Bristol Pike
Building 1, Suite 102
Bensalem, PA 19020
(215) 639-0801 phone
(215) 639-4970 fax

Dated: July 5, 2006

12