**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NO.:  04-CR-00364** |
| | **:** | |
| DENIS SHUSTERMAN | **:** | |

**SENTENCING MEMORANDUM**
**ON BEHALF OF DENIS SHUSTERMAN**

Denis Shusterman, by and through his attorney, Ari R. Karpf, respectfully submits this

Sentencing Memorandum to assist the Court in determining a sentence that is "sufficient, but not

greater than necessary," to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Specifically, Mr. Shusterman respectfully requests this court to impose a sentence that is not

longer than necessary to achieve the court's aim of deterrence.

## I.  INTRODUCTION

From the beginning of this case and through its prologue Mr. Shusterman has been

subjected to extensive scrutiny through negative media publicity.  There have been persistent

references about his mother, Betty Shusterman, and her criminal matter which is wholly

unrelated to the instant case.  Betty Shusterman was highlighted at Mr. Shusterman's trial in an

apparent attempt to establish guilt by association.  Additionally, the government's pre-sentencing

memorandum includes a rather lengthy and inappropriate footnote at paragraph 155, which

summarizes Betty Shusterman's own criminal proceedings.  These stray mentions have created a

misleading public perception of Mr. Shusterman.  Mr. Shusterman respectfully requests that his

mother's criminal history not sway or influence the sentence this Court intends to impose upon

him.  Mr. Shusterman also sets forth concerns about harsher guidelines being retroactively

1

applied to him, as set forth in detail herein.

## II.  SENTENCING GUIDELINES

The federal criminal sentencing guidelines following the decision in United States v.

Booker, 125 S. Ct. 738 (2005) have reinforced the usage of the guidelines by courts no longer

mandatory but advisory.  A sentencing court can impose a sentence within the guideline structure

or outside of the applicable guidance of the guidelines.  United States v. Crosby, __ F.3d __,

2005 WL 240916 (2d Cir. February 2, 2005).  The guidelines now require the court to consider a

defendant's guideline range, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), however, the court may

alter a sentence as appropriate with the application of other statutory consideration.

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in

Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466

(2000) applies to the Federal Sentencing Guidelines.  United States v. Booker, 125 S. Ct. 738,

756 (2005).  Given the mandatory nature of the Sentencing Guidelines, the Court found "no

relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely

and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the

Court.  Id. at 751.  Accordingly, reaffirming its holding in Apprendi, the Court concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence
> exceeding the maximum authorized by the facts established by a plead of guilty
> or a jury verdict must be admitted by the defendant or proved to a jury beyond a
> reasonable doubt.

Id. at 756.

The Court further found those provisions of the federal Sentencing Reform Act of 1984

that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1) or which rely upon the Guideline's

mandatory nature, 18 U.S.C. § 3742(e), incompatible with its Sixth Amendment holding.

Booker, 125 S. Ct. At 756.  Accordingly, the Court severed and excised those provisions,

"mak[ing] the Guidelines effectively advisory." Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as

revised by Booker,

> requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553
> (a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other
> statutory concerns as well, see § 3553(a).

Booker, 125 S. Ct. at 757.  Thus, under Booker, sentencing courts must treat the guidelines as

just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3553(a)(2) states that such purposes are:

> (A)    to reflect the seriousness of the offense, to promote
> respect for the law, and to provide just punishment
> for the offense;
> (B)    to afford adequate deterrence to criminal conduct;
> (C)    to protect the public from further crimes of the
> defendant; and
> (D)    to provide the defendant with needed educational or
> vocational training, medical care, or other correctional
> treatment in the most effective manner.

In determining the minimal sufficient sentence, § 3553(a) further directs sentencing

courts to consider the following factors:

> 1.    "the nature and circumstances of the offense and the history
> and characteristics of the defendant" (§ 3553(a)(1));
> 2.    "the kinds of sentences available" (§ 3553(a)(3));
> 3.    "the need to avoid unwarranted sentence disparities
> among defendants with similar records who have
> been found guilty of similar conduct" (§ 3553(a)(6)); and
> 4.    "the need to provide restitution to any victims of
> the offense." (§ 3553(a)(7)).

Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following

limitation: in determining whether and to what extent imprisonment is appropriate based on the

Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an

appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. § 3661, "*no limitation* shall be placed on the information concerning the

background, character, and conduct of [Mr. Shusterman] which a court of the United States may

receive and consider for the purpose of imposing an appropriate sentence." This statutory

language certainly overrides the (now-advisory) policy statements in Part H of the sentencing

guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the

defendant's age, educational and vocational skills, mental and emotional conditions, drug and

alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. § 5H1. See also United

States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005)

(taking into account fact that defendant, who was 57 at sentencing, would upon his release from

prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report

of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation

of the Federal Sentencing Guidelines, May 2004).

The directives of Booker and § 3553(a) make clear that courts may no longer uncritically

apply the guidelines. Such an approach would be "inconsistent with the holding of the merits

majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and

the remedial majority in Booker, directing courts to consider all of the § 3353(a) factors, may of

which the guidelines either reject or ignore." United States v. Ranum, 353 F. Supp. 2d 984, 985-

86 (E.D. Wisc. Jan. 19, 2005). As another district court judge has correctly observed, any

approach which automatically gives "heavy" weight to the guideline range "comes perilously

close to the mandatory regime found to be constitutionally inform in Booker." United States v.

Jaber, __ F. Supp. 2d __, 2005 WL 605787 *4 (D. Mass. March 16, 2005).  See also United

States v. Ameline, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only

one of many factors that a sentence judge must consider in determining an appropriate

individualized sentence"), reh'g en banc granted, 401 F.3d 1007 (9th Cir. 2005).

Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> Thus, logic compels the conclusion that the sentencing judge,
> after considering the recited factors (including the guidelines),
> has full discretion, as full as what he possessed before the Act
> was passed, to sentence anywhere within the statutory range.
> If the majority thought otherwise- if it thought the Guidelines
> not only had to be 'considered' (as the amputated statute
> requires) but had generally to be followed- its opinion would
> surely say so.

Booker, 125 S. Ct. at 791 (Scalia, J., dissenting in part).

Likewise, if the remedial majority thought the guidelines had to be given "heavy weight,"

its opinion would have said so.  The remedial majority clearly understood that giving any special

weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth

Amendment.

Now, the sentencing court is required to not just apply the guidelines and order a

sentence, the sentence must be "sufficient but not greater than necessary to meet the goals of

sentencing," and take into consideration the factors under § 3553(a).

## II.  FACTUAL OVERVIEW

In the present case, the following factors should be considered when determining what

type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of

sentencing.

On December 9, 2004, Mr. Shusterman, who is a 46-year old individual, was charged

with multiple violations of federal law spanning the years 1997-2003, including but not limited

to, bankruptcy fraud, tax evasion, wire fraud, and perjury (by grand jury indictment).  Mr.

Shusterman's criminal trial extended from April 17, 2006 through May 3, 2006.  Instead of

continuing the trial, Mr. Shusterman unexpectedly pleaded guilty to Counts 1-51 on May 3, 2006

after his expert witness testified.

### III.  SENTENCING OPTIONS

Consideration of the pre-November 2001 manual in this instant sentencing proceeding is

more appropriate because it would provide for a more fair and proper sentence since the majority

of Mr. Shusterman's criminal activity is believed to have taken place from 1997 through the

better part of 2001.  In this instance, the court should apply the version in effect at the time the

crime or crimes were committed.  United States v. Kopp, 951 F.2d 521, 526 (3d Cir. 1991)(citing

Miller v. Florida, 482 U.S. 423 (1987). Accordingly, under the pre-November advisory

guidelines, Mr. Shusterman's sentence range is 97-121, months as indicated in the government's

sentencing memorandum.

Specifically, the post-amendment guidelines provide for a much more harsh sentence then

the earlier version of the guidelines.  Post-amendment guidelines provide for a two-level increase

if the offense involved a "violation of any judicial or administrative order, injunction, decree or

process." U.S.S.G. § 2F1.1(b)(4)(B)(1998).  Some circuit courts interpreted "judicial process" to

include a bankruptcy proceeding, but the Third Circuit did not.  United States v. Thayer, 201

F.3d at 226-28.  In <u>United States v. Thayer</u>, this Court defined "judicial process" as a "command or order to a specific party, such as a summon".  <u>Id.</u> at 228 (quoting <u>United States v. Carrozzella</u>, 105 F.3d 796-800 (2d Cir. 1997).  Ultimately, this Court held that an enhancement under § 2F1.1(b)(4)(B) was not warranted merely by the fact the defendant committed bankruptcy fraud. <u>Id.</u>

In considering this, the Court can also consider the punishment Mr. Shusterman has already endured, and will continue to endure.  In <u>Redemann</u>, the court granted a downward departure based on the fact that the defendant had already paid a high civil penalty, had been exposed to "a great deal of adverse publicity in his small town," all of which had injured his children, ruined his business and contributed to the ill health of defendant's family.  "In sum, defendant lost a lot based on his misconduct before he ever set foot in this court."  205 F. Supp. 2d 887, 896-897.  This situation parallels Mr. Shusterman's own circumstances.  Not only has his family suffered greatly due to the resentment cast upon them from their community, but Mr. Shusterman's financial security is also depleted.  Not only will Mr. Shusterman's children not be properly provided for if he is incarcerated for a lengthy sentence, but his parents and siblings will suffer in the form of care due to a protracted sentence.

There is no need to protect the public from further crimes by Mr. Shusterman.  The very public nature of his prosecution through the media, his decline and ultimate fall from the professional view, combined with his criminal prosecution has been sever punishment thus far. (18 U.S.C. § 3553(a)(2)(b)).  As stated above, this Court should impose a sentence that reflects the seriousness of the offense, that promotes respect for the law, and provides a just punishment for the offense (18 U.S.C. § 3553(a)(2)(a)).  It should also consider the correctional treatment

7

needed (18 U.S.C. § 3553(a)(2)(d)).  All those ends can be fulfilled without further destroying

Mr. Shusterman, his family and any hope he has of reconstructing a productive and contributing

life.

 Mr. Shusterman is contrite, no longer in a position to re-offend, and is not a risk for

recidivism.  He has lost his employment and been stripped of his professional status as an

accountant.  In fact, at the time of sentencing, nearly 4 years have passed since these offenses

have ended, proving that no need for rehabilitation is needed.  Because of Mr. Shusterman's

presumed participation in these offenses, he has lost his community, his reputation, his

livelihood, his financial independence and security, and a future with his children and loved ones.

"[I]f the nature of the offense and the character of the defendant tend to show that no end other

than punishment will be served by imprisonment, if there is no threat to the community, and if

society will ultimately benefit by allowing the defendant to care for his or her family, a departure

is warranted."  United States v. Norton, 218 F.Supp. 2d 1014, 1020 (E.D. Wis. 2003), citing,

United States v. Gaskill, 991 F.2d 82, 84-5 (3d Cir. 1993).

 Additionally, the fact that nearly every crime is thought to have been committed prior to

the November 2001 amendment warrants the pre-amendment guidelines being taken into

consideration.  Therefore, if this Court is inclined to rely on the sentencing guidelines, an

appropriate sentence range for Mr. Shusterman would be 97-121 months.

**CONCLUSION**

 For the foregoing reasons, Mr. Shusterman respectfully requests that he be sentenced

towards the lower end of a range of 97-121 months.  This sentence will reflect the seriousness of

the offenses, promote respect for the law, and accomplish more than a sufficient level of

deterrence.  Further, this sentence range will adequately protect the public from further crimes as,

Mr. Shusterman does not present any risk of recidivism.

                                        Respectfully submitted

                                        **KARPF, KARPF & VIRANT**


                                         /s/ Ari R. Karpf
                                        Ari R. Karpf, Esquire
                                        Attorney for Defendant
                                        3070 Bristol Pike, Bldg. 1, Ste. 102
                                        Bensalem, PA 19020
                                        (215) 639-0801